

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00166-CR

_____

DENNIS BRALEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 13F0011-005

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

There is no question that Dennis Braley was intoxicated December 22, 2012, when police arrived at Malden Lake Park where a fish fry was taking place. There is also no question that Braley was driving at the park when the vehicle he was trying to park collided with another vehicle. Braley—convicted of driving while intoxicated (DWI), a third offense, sentenced to sixty years' imprisonment, and fined $5,000.00—appeals, challenging only the sufficiency of the evidence to support the finding that his driving coincided with his intoxication. Because the evidence is sufficient to prove his DWI, we affirm the trial court's judgment.

Braley and a long-time drinking buddy, Marvin Tittle, had been drinking beer beginning December 21, broke for the night, and decided to go to the fish fry at the park the next day. Tittle drove to Braley's house around 11:00 a.m. December 22 and observed Braley, who appeared to be drunk at the time. Nonetheless, Braley drove Tittle's car to a store where he purchased two thirty-packs of Budweiser from which the two men started to drink immediately en route to another friend's house, where they continued to drink. Tittle testified that, while there, Braley drank "many" beers.

Braley then drove himself and Tittle (still in Tittle's car) to the fish fry. Tittle testified to having consumed between seven to twelve cans of beer, himself, on the way to the campground. According to Tittle, Braley was drinking while driving both to the friend's house and to the camp ground, a total trip of sixty-to-seventy miles, but he really could not say how much Braley had to drink.

2

Remarkably, they arrived without incident, but, while parking at the fish fry, Braley collided Tittle's vehicle with another car. There are indications from the direction in which Braley parked the car that he reached that point by driving the wrong way down a one way road. Tittle testified that, when Braley got out of the car immediately after the accident, Braley was stumbling around, had slurred speech, and was highly intoxicated and belligerent. Tittle located the car's owner, who was noticeably unhappy about the damage.

Some thirty-to-forty minutes after the accident, Braley called 9-1-1. Braley appears to have consumed at least one beer after calling 9-1-1. An officer arrived at the site sometime later. Tittle testified that it took perhaps an hour to an hour and a half after the incident before police arrived.

The officers who arrived at the park testified that Braley was disheveled and drunk. There is also testimony that one of the thirty-packs of beer was nearly empty. No testimony suggested that anyone other than Braley and Tittle had been drinking from their packs of beer. Braley was arrested and transported to a local hospital where his blood test yielded a blood-alcohol level of .30, almost four times the legal limit.

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the

3

responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

Braley argues that the evidence is insufficient because the evidence of his intoxication at the time police arrived was too far removed from the time he was driving the vehicle, so that evidence is not probative of his condition at the time he drove the car. That might be a valid argument, if the only evidence of intoxication came from police testimony or the blood test. But that is not the case.

Tittle testified that Braley was drinking before, during, and after Braley's drive to the park. Tittle testified that Braley was very intoxicated at the time of the accident that happened while Braley was driving. The thirty pack of beer from which they were drinking was nearly empty, and testimony suggests it was being tapped throughout the drive. Although it was somewhat later, Braley was given a blood test that reflected a blood-alcohol content of nearly

four times the legal limit. The evidence is sufficient to allow a reasonable juror to conclude that

Braley drove the car while he was intoxicated.[1] The evidence is sufficient to support the verdict.

We affirm the conviction.


                                        Josh R. Morriss, III
                                        Chief Justice


Date Submitted:     April 29, 2014
Date Decided:       May 15, 2014

Do Not Publish

---

[1]In fact, one would wonder how a reasonable juror could conclude otherwise.